THE STATE EX REL. THE ATTORNEY GENERAL VS. THE JANES-
VILLE WATER COMPANY and others.

*February 18 — March 10, 1896.*

*Corporations:* Quo warranto: *Forfeiture of franchises: Leave to bring
action: Discretion: Parties: Waiver or estoppel by delay.*

1. The granting or refusing of leave to bring an action under sec. 3241,
   R. S., to annul the franchises of a corporation rests in the sound
   discretion of this court, and the facts and circumstances of each
   particular case, and even the motives in instituting the proceed-
   ing, may properly be considered.

2. Upon an application for leave to bring such an action, allegations
   upon information and belief which are so overcome by positive
   affidavits and proofs in opposition thereto as to establish the facts
   involved against the petitioner beyond dispute should not be con-
   sidered.

3. Leave to bring such an action will not be granted unless there is a
   clear, wilful misuse, abuse, or nonuse of the franchises sought to
   be forfeited, or a violation of law, whereby the corporation fails
   to fulfill the design and purpose of its organization.

4. The corporation is the only proper defendant in such a proceeding.

5. The state may waive its right or be estopped to bring such an ac-
   tion by delay in instituting the proceeding, especially where the
   corporation has been not merely allowed but compelled, by those
   chiefly interested and the real moving parties, to proceed at great
   expense under the franchises sought to be annulled, for a con-
   siderable period of time, while the facts relied upon as ground for
   the forfeiture have been all well known.

6. Thus, in this case, the doctrine of estoppel by laches is *held* to apply
   to proceedings to annul the franchises of a water company be-
   cause of violations of law in overbonding and in issuing corporate
   stock without full payment therefor, alleged to have happened
   about the time the corporation was organized, more than eight
   years before the application was made for leave to bring the ac-
   tion; and delay in making such application is *held,* also, to have
   been a waiver of the right to bring an action to annul such fran-
   chises because of violations of a city ordinance giving the city an
   option to purchase the waterworks, by failure to keep accurate
   accounts of the cost of construction, operating expenses, and earn-
   ings,— it appearing that, after the facts were known to the city,

State ex rel. Attorney General vs. Janesville Water Co. and others.

it required the corporation to make large and expensive improvements in the plant; that such violations of the ordinance took place, if at all, before any of the present stockholders of the corporation were interested in it; and that the present stockholders have, at considerable expense, endeavored in good faith to supply all the information required.

APPLICATION for leave to bring an action to annul the franchises of the *Janesville Water Company*. *Denied*.

The facts are stated in the opinion.

*M. G. Jeffris, John Winans*, and the *Attorney General*, for the application. [No brief on file.]

For the respondent *Janesville Water Company*, there was a brief by *Edward M. Hyzer* and *Wm. G. Wheeler*, of counsel, and oral argument by *Mr. Hyzer, Mr. William Ruger*, and *Mr. Wheeler*. To the point that the forfeiture, if any, had been waived, they cited *Att'y Gen. v. P. & R. R. Co.* 6 Ired. Law, 456; *In re Equity G. L. Co.* 10 N. Y. Supp. 801; *People v. U. & D. R. Co.* 128 N. Y. 240; *People v. Manhattan Co.* 9 Wend. 361; *State v. Fourth N. H. Turnpike*, 15 N. H. 162; 5 Am. L. Reg. (N. S.), 583; *Doe v. Meux*, 4 Barn. & C. 606; *People v. Lake St. El. R. Co.* 54 Ill. App. 348, 361; *Comm. v. N. Y., L. E. & W. C. & R. Co.* 10 Pa. Co. Ct. Rep. 129; *Milford & C. T. Co. v. Brush*, 10 Ohio, 111; *State v. Bank of Charleston*, 39 Am. Dec. 135; *Foster v. Joliet*, 27 Fed. Rep. 899; *U. S. v. Metropolitan R. Co.* 21 Wash. L. Rep. 787.

MARSHALL, J. This is an application by the *Attorney General* for leave to file an information in the nature of a *quo warranto* against the *Janesville Water Company* and others to forfeit the corporate franchise of such company and other franchises owned by it. The petition states, in substance, that the company was incorporated July 16, 1887, for the sole purpose of constructing, acquiring, and operating a system of waterworks in the city of Janes-

ville, and has ever since existed as such corporation; that during the year 1887 said city, pursuant to ch. 164, Laws of 1887, by ordinance, upon terms and conditions therein specified, granted to the firm of Turner, Clarke & Rawson a franchise to establish a system of waterworks to furnish said city with fire protection and to supply wholesome water to the inhabitants thereof for public and domestic use; that such ordinance was duly accepted by said firm; that they thereafter conveyed their rights under the same to said water company; that such company thereafter contracted with a construction company, composed of stockholders and officers of the water company, for the building of such waterworks; that the water plant was duly constructed, satisfactory to the city, and accepted by it on or before August 6, 1888, and that the water company has since operated the same.

The grounds upon which it is claimed the corporate and other franchises should be forfeited are mainly as follows: (1) Violations of the conditions of the ordinance upon which the franchise was granted, in that the said water company has failed to furnish wholesome water as therein provided, has refused to sell water to the inhabitants of the city at meter rates, has neglected to comply with the ordinance in respect to furnishing fire protection, and has neglected to furnish water wholly from artesian wells. (2) Violations of law in respect to the organization and business management of the corporation, in that it has issued bonds in excess of the cost of constructing the waterworks, and has issued stock without the same having been fully paid in money or its equivalent. (3) Violations of the ordinance in respect to keeping accurate books of account of the cost of constructing the works and operating the same, in that it was provided by such ordinance that the city should have the right to acquire the works by purchase at the end of seven years from their acceptance by the city, at a sum sufficient to re-

turn to the owners the full cost thereof and seven per cent. annual interest thereon, the same to be ascertained from the books of such owners, together with a sworn statement of the cost of construction, with expenses and earnings, and that the grantees of the franchise, their successors and assigns, should keep accurate books showing such cost, expenses, and earnings, and that a fraudulent failure so to do should vacate and annul the franchise and all privileges granted under it; that the city gave due notice of its election to purchase the works under such reserved right, and required the sworn statement to which it was entitled; that, in response thereto, a fraudulent and false statement was rendered; that it was not taken from books of account accurately kept, as provided in the ordinance, and was known by the officers of the corporation who made it to be false and fraudulent; that there has been a total neglect to keep books of account as required by the ordinance; and that such neglect has been with fraudulent purpose to annul practically that part of the ordinance giving the city the right to acquire the works by purchase.

It is plain from an examination of the petition that the ground of complaint chiefly relied upon is the one mentioned in subdivision 3. The allegations are chiefly on information and belief. All are denied, and those in regard to violations of the ordinance in respect to the operation of the works are met by proofs to the contrary of the most positive and satisfactory character. And it is made to appear that substantially all the facts, particularly in regard to the matters referred to in subdivision 3, were fully known and taken official notice of by the city as early as November, 1894, at which time an action was brought in the circuit court to determine the cost of the water plant and to forfeit its franchises, which action is still pending; that since the commencement of such action the city has recognized the existence of such franchises and the water company's obli-

State ex rel. Attorney General vs. Janesville Water Co. and others.

gations in the premises by requiring it to make large and expensive extensions to the water mains and put in additional hydrants, necessitating other improvements, including an additional artesian well.   And it appears that the alleged violations of the ordinance in respect to keeping accounts of the cost of construction are all denied; and that they took place, if at all, before any of the present stockholders of the corporation were interested in the company; and that they have, at considerable expense, endeavored in good faith to supply all the information in that regard required; and that in any event the city could not, at the present time, incur the indebtedness requisite to purchase the works without exceeding its constitutional limit.

The foregoing contains, substantially, a correct statement of the case upon which we are to determine the question of whether the sovereign power of the state ought to interfere to forfeit the franchises of the alleged offending corporation and to wind up its affairs.

The granting or refusing this application rests in the sound discretion of the court.   The legislature, in providing that an action may be brought under sec. 3241, R. S., only by leave of this court upon cause shown, obviously did so for a purpose.   The law requires that the power thus intrusted to the court shall be exercised and leave granted or denied as the public interest appears to demand, upon due consideration of the facts of each particular case.   To merely examine the petition and grant it if, taking all the allegations thereof, whether upon information and belief or otherwise, into consideration as true, it *prima facie* states a cause of action or facts that might support a judgment, would be a failure to exercise that sound judicial discretion which the law contemplates, amounting to an abuse of judicial duty. While courts differ on this question, the weight of authority is in favor of the rule that the facts and circumstances of each particular case, and even the motives for instituting

the proceedings, may be considered. *Attorney General v. Sheffield G. C. Co.* 3 De Gex, M. & G. 304; *Attorney General v. Cambridge C. G. Co.* 4 Ch. App. 71. And especially in case of a solvent, active corporation, carrying out, at the time of the application, the purposes and designs of its creation, performing duties of a *quasi* public character, having to do with the daily necessities of a large number of people, and where large sums of money have been invested, and securities therefor are held by innocent parties whose security depends upon a continuance of the corporation, unless there is a clear, wilful misuse, abuse, or nonuse of the franchises sought to be forfeited, or violation of law, something that strikes at the very groundwork of the contract between the corporation and the sovereign power; something that amounts to a plain, wilful abuse of power or violation of law, within the meaning of the statute on the subject, whereby the corporation fails to fulfill the very design and purpose of its organization,— leave will not be granted by the court to resort to the extraordinary remedy for a forfeiture of its franchises. *State ex rel. v. Farmers' College,* 32 Ohio St. 487; *Attorney General v. E. & K. R. Co.* 55 Mich. 15; *State ex rel. Pros. Att'y v. Commercial Bank,* 10 Ohio, 535. Leave will not be granted if to forfeit the franchises, under the circumstances, will be inequitable or will not have the effect of remedying the grievances complained of, or if the proceeding is not in good faith. The counter affidavits used on the application should be considered, and material allegations on information and belief which are so overcome by positive affidavits and proofs in opposition thereto as to establish the fact involved against the petitioner beyond dispute should not be considered. Thompson, Corp. § 6786. The rule which generally prevails in this regard is well stated in *State ex rel. Pros. Att'y v. Commercial Bank,* 10 Ohio, 535, as follows: " The courts proceed with extreme caution in proceedings having for their object the forfeiture

State ex rel. Attorney General vs. Janesville Water Co. and others.

of corporate franchises, and such forfeitures are not to be allowed except under express limitations of the charter, or for plain abuse of power, by which the corporation fails to fulfill the design and purpose of its organization;" also, in effect, that the extreme remedy of forfeiture will not be allowed where there are other remedies adequate to redress the grievances complained of; that the remedy of forfeiture is the last resort, certainly not allowed where compensation in damages will substantially remedy the violation. High, Extr. Leg. Rem. § 649.

Without proceeding further to discuss the principles of law involved and the practice in such cases, we are warranted in saying that the allegations of the petition presented, in respect to violations of the franchises in matters pertaining to the operation of the works and the water service, are so overcome by the affidavits and other proofs that the case in that respect fails to show any warrant for the institution of proceedings to forfeit the franchises of the corporation.

In regard to violations of law alleged in respect to overbonding and issuing corporate stock without payment in money or its equivalent, which happened at or about the time of the organization of the corporation, upward of eight years ago, it is not perceived how, under the facts of this case, the public have a sufficient interest or are sufficiently prejudiced in the matter that, after the lapse of such a period of time, the state should interfere to forfeit the corporate franchises. While such forfeiture might have the effect to punish the corporation itself, to the great and irreparable damage of the present stockholders and the holders of the bonds, it is not perceived how it would have any other effect; and we think, on the whole, the doctrine of estoppel by laches, hereafter referred to, should apply.

We suggest in this connection, on a subject of practice, that the water company is the only proper defendant here;

that this proceeding is not in the nature of a bill in equity, where all persons may be made defendants who have or claim an interest in the controversy adverse to the plaintiff, or are necessary to a complete determination or settlement of the question involved. It is a proceeding under the statute solely against the alleged offending corporation, and it, only, should have been named as defendant.

As to the neglect to keep accurate books of account of the cost of construction and operating expenses and the earnings, whereby it is alleged that the city is prejudiced in respect to exercising its option to acquire the works by purchase, it is by no means clear that a failure to observe conditions inserted in the ordinance to aid the city in determining the cost of the works in the event of a desire to purchase constitutes a ground for forfeiture at the suit of the state; but the view we take of the matter renders it unnecessary to decide that question. It is claimed on the part of the defendant company that, in any event, the right of the state to forfeit its franchises has been waived. On the contrary, it is claimed on the part of the petitioners that the state cannot be held to have waived such right by any laches shown or any act on the part of the city. That the forfeiture of the franchises of the corporation may be waived by the state is not seriously denied. *Attorney General v. P. & R. R. Co.* 6 Ired. Law, 456; *People v. U. & D. R. Co.* 128 N. Y. 240; *People v. Manhattan Co.* 9 Wend. 361; *State v. Fourth N. H. Turnpike,* 15 N. H. 162; 5 Am. Law Reg. (N. S.), 583; *Comm. v. N. Y., L. E. & W. C. & R. Co.* 10 Pa. Co. Ct. R. 129; and *Foster v. Joliet,* 27 Fed. Rep. 899,— are among the authorities on the subject brought to our attention in the briefs of counsel, to which many more might be added. But it is contended that the state, only, can waive the forfeiture; that acts on the part of the city of Janesville do not affect the matter. It is true that a waiver by the city is not binding upon the state. Nevertheless it would be going too far

State ex rel. Attorney General vs. Janesville Water Co. and others.

to say that acts which would estop the city cannot be taken notice of and given effect to on this application. The state may waive the right to bring an action on behalf of the public by mere delay in moving to institute proceedings while the corporation, in carrying out in good faith the purposes of the organization, expends large sums of money; so held in *Attorney General v. Sheffield G. O. Co.* 3 De Gex, M. & G. 304, a well-considered, leading English case, where Lord Justice TURNER uses the following language: "That delay will affect the attorney general as much as a private individual I am not prepared to say; but in my opinion it is a circumstance to be considered in determining the question whether the court should interfere, although the application be by the attorney general on behalf of the public." In *Comm. ex rel. Att'y Gen. v. B. & B. M. Turnpike Co.* 153 Pa. St. 47, the court goes further, and holds that in case of delay, accompanied by circumstances which would estop individuals, the state is equally estopped. The circumstances there were: A corporation had been allowed to proceed and expend large sums of money, when the facts relied upon in the application for leave to bring the action to forfeit its franchises were notorious. Held, that the delay, under the circumstances, created an estoppel, so as to effectually prevent the institution of such proceedings. The court, in effect, said: If the complainant were a private individual, the court would not hesitate to say that his laches was a bar; and the same rule holds good notwithstanding the application is by the attorney general on behalf of the state. The question involved is not one under the statute of limitations, but one of laches, which may be imputed to the state as well as to an individual. While time does not run against the state, time, together with other elements, may make up a species of fraud, and estop even sovereignty from exercising its legal rights. To the same effect are *Wilmott v. Barber*, 15 Ch. Div. 105; *Attorney General v. Johnson*, 2 Wils.

Ch. 102; *Attorney General v. D. & B. B. R. Co.* 27 N. J. Eq. 1.

The principles here maintained should be quite rigidly applied where, as in this case, the corporation has not merely been allowed, but has been compelled, by those chiefly interested and the real moving parties, to proceed at great expense, under the franchises sought to be annulled, for a considerable period of time, while the facts relied upon as grounds for forfeiture have been all well known.

Without taking further time to discuss the subject, we hold that delay in moving for leave to commence the action, with the other elements referred to, constitutes, on this application for the exercise of the discretionary power of the court, an effectual waiver of the harsh and extraordinary remedy of proceedings under the statute to forfeit the franchises of the company, and that this application should therefore be denied.

*By the Court.*— The application for leave to bring an action against the *Janesville Water Company* to forfeit its franchises is denied.