[No. 6765. Decided August 2, 1907.]

MINNIE C. FORSTER et al., Appellants, v. HANNAH RAZNIK et al., Respondents, HOLLAND BANK, Intervener.[1]

MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTION—ADVERSE POSSESSION—ESTOPPEL. An abutting owner is estopped to claim that a strip of land fourteen and one-half feet wide, between two platted additions to a city, is a public alley, or to maintain ·an action to enjoin its obstruction, where he and his predecessors had stood by for over twenty years while another was in the adverse possession under color of title and claim of right, and while such other improved the property and erected a permanent building thereon, and the city had disclaimed any right to the strip as an alley and levied taxes and assessments against the same.

INJUNCTIONS—PARTIES—HIGHWAYS—OBSTRUCTION. A mortgagee of a strip of land is a proper but not a necessary party to an action to declare the same a public alley, and is properly allowed to intervene therein.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 14, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to enjoin the obstruction of an alley. Affirmed.

*Merritt, Oswald & Merritt*, and *A. W. Witherspoon*, for appellants.

*Robertson & Rosenhaupt*, for respondents.

*Post, Avery & Higgins*, for intervener.

ROOT, J.—This is an action to enjoin respondents, except the Holland Bank, intervener, from obstructing a strip of land claimed by appellants to be an alley, in the city of Spokane. The Holland Bank, claiming to have a mortgage covering said parcel of land, was permitted to intervene. The trial court found that this portion of land had been, in effect, originally dedicated as an alley, but that the appellants were estopped from maintaining this action. Whereupon a

[1]Reported in 91 Pac. 252.

judgment of dismissal was entered, from which this appeal is prosecuted.

The parcel of land involved is fourteen and one-half feet wide and lies between, or marks the boundary of, two additions to said city, and if treated as an alley it would connect River-side and Sprague avenues. It was the contention of respond-ents that this parcel of land was never intended as an alley or public way by those who platted the additions mentioned. They further contend that, even if it be held to have been dedicated as an alley when the plats were filed, nevertheless these appellants and their predecessors in interest have been guilty of such laches as to estop them from maintaining this action. The appellants, as owners of a lot abutting upon said parcel of ground, claim an easement therein and thereover as a public alley, and urge that the defense of respondents is in effect a claim of title by adverse possession, which cannot be asserted in and to a public street or alley, and rely especially in support of their contention upon *West Seattle v. West Seattle Land & Imp. Co.*, 38 Wash. 359, 80 Pac. 549, and *Rapp v. Stratton*, 41 Wash. 263, 83 Pac. 182.

It appears that this strip of land was, by the makers of the plat of one of these additions, some years after the filing of said plat, conveyed, or attempted to be conveyed, to Frank H. Graves, by warranty deed, in October, 1885, and after var-ious mesne conveyances, a deed thereof was made by one of his successors in interest, to the respondents Raznik. The ground appears never to have been used at any time as an alley. In 1887 the city council of Spokane adopted a resolu-tion reciting that, whereas there was some controversy con-cerning the matter, they were of the opinion that the city had no vested right in said ground, and thereby disclaimed all rights to the same as a public alley or highway. Subsequently the city appears to have assumed a different attitude, although it did not open or use the strip as an alley. It has been assessed annually, with possibly one or two exceptions, since 1885, by or for the city, and the taxes were always paid. Special assessments were also levied against it by the city for

the improvement of Riverside avenue, Bernard street, and Sprague avenue, some of these having the effect of lessening the amount assessed upon appellants' property abutting thereupon. A building was erected thereon in 1887, and a permanent building in 1897. The defendants Raznik and their predecessors appear to have been, for more than twenty years last past, in the actual, open, and notorious possession, under color of title and claim of ownership. Neither appellants nor their ancestors are shown to have objected to this possession, or to have made any protest against the improvement or occupation of said strip of land by said defendants and their grantors. There was evidence that, when these defendants constructed the permanent building referred to, the west wall thereof was connected with the east wall of a building owned by these appellants or their predecessor in interest, by consent.

We think the judgment of the trial court was correct. As said by appellants, this court has decided that mere adverse possession is not sufficient to acquire title to an alley or public street. But in one of the cases referred to, that of *West Seattle v. West Land & Imp. Co.*, the court said:

"We hold, on both principle and authority, that a municipality is not barred of its right to remove an obstruction from a public street by mere lapse of time. Some other element of estoppel must enter into the case. Mere lapse of time and the payment of personal taxes on the improvements are here relied on. These are insufficient."

It would seem that this language clearly implies that a case might arise where an element of estoppel would prevent the occupant of an alley or street from being disturbed, and such is undoubtedly the law. In *Northern Pacific R. Co. v. Ely*, 25 Wash. 384, 65 Pac. 555, 87 Am. St. 766, 54 L. R. A. 526, it was said:

"If the doctrine of estoppel can ever be invoked, it seems to us that it should be invoked in this case against the appellant. In any event, the question of protecting the rights of the government is not one which can be raised by the appellant. . . . The appellant should not be allowed to escape the

consequences of its own wrongful acts, and reap a fraudulent benefit, by pleading the rights of the government. Indeed, our government is presumably founded upon equitable principles, not in theory alone, but in practice, and the citizen has a right to expect equitable treatment, even at the hands of the government; and it has been held that in good conscience the government is frequently estopped from asserting rights which would destroy the equitable rights of the citizen."

The court cited *State ex rel. Attorney General v. Janesville Water Power Co.*, 92 Wis. 496, 66 N. W. 512, 32 L. R. A. 391, and *Commonwealth v. Bala etc. Turnpike Co.*, 153 Pa. St. 47, 25 Atl. 1105, in the matter of which cases it was said, in substance, that the question involved was not one under the statute of limitations but of laches, which might be imputed to the state as well as to an individual—that while time did not run as against the state, yet the lapse of time, together with other elements, might work an estoppel, even as against the sovereign. In the case of *Spokane Street R. Co v. Spokane Falls*, 6 Wash. 521, 33 Pac. 1072, a case where a street railway, not having authority under its franchise so to do, had taken possession of, used, and made valuable improvements in, certain streets, and occupied the same in the operation of its road for over two years, this court said:

"A municipal corporation should not be permitted to stand by and see large amounts of money invested in enterprises of this sort by persons who act under the mistaken view that they have legal authority. In this case the appellant had authority by ordinance to lay down a street railroad upon a number of streets; it mistook its rights and placed a part of its track in a place not designated in its ordinance. Technically, it had no right to put its track where it did, but . . . the municipal officers . . . knew that the track was being laid on Division street, and no objection was made, . . . The general rule would, of course, be that franchises of this kind could not be acquired except by the action of the corporation, which must be taken by ordinance, but the statute in question does not prohibit the courts from declaring an estoppel against the city in other matters in the same manner that they would as against private persons."

In the case of *State ex rel. Grinsfelder v. Spokane St. R. Co.*, 19 Wash. 518, 53 Pac. 719, 67 Am. St. 739, 41 L. R. A. 515, where a street railroad company had occupied certain streets in which it had operated its railway line for several years without a grant, privilege, or franchise from the city or county, it was stated that the city could not object to the further occupation of said streets by said company.

It is urged by the appellants that the occupation of this strip of land was an obstruction in a public alley, and consequently a nuisance and a constantly recurring nuisance, by reason of which respondents could gain no property rights whatever. If there had been no question as to the dedication of the strip of land and it had been conceded at all times that the place was a public alley, there would be more force in this argument; but it appears that these defendants and their grantors had for many years regarded and treated it as if it were not an alley and as if it had never been dedicated; and the action of the city council, whether valid or otherwise, in disclaiming any rights to the land as an alley, would tend to confirm them in the belief that it was their property and not that of the public; and the silence of appellants and their predecessors in interest, while this parcel of land was being built upon, occupied, and used for so many years, would seem to be a strong indication that they had acquiesced in the belief that the strip was not a public alley. It would probably serve no good purpose to analyze the evidence in detail. We think, from a consideration of all of the evidence and admitted facts in the case, that the appellants ought not to be heard to question the right of defendants to occupy the strip of land involved herein.

As to the right of the Holland Bank to intervene, we think it was a proper, although possibly not a necessary, party. We see no error in the action of the trial court in permitting the bank to intervene.

The judgment of the superior court is affirmed.

FULLERTON, CROW, and MOUNT, JJ., concur.