## MARSH vs. FRASER.

*Costs—Action to enforce mechanic's lien.*

An action to enforce a mechanic's lien is "an action at law on contract," within the meaning of ch. 402, Laws of 1864, which limits the taxable costs (exclusive of disbursements) in such actions to $25.

APPEAL from the Circuit Court· for *Milwaukee* County.

*A. C. Fraser*, appellant, in person, argued that a suit to enforce a mechanic's lien is either a pure chancery proceeding, and governed by the rules of. chancery practice, or *partly* in the nature of a suit in equity, and partly in the nature of a personal action (*Clarke v. Boyle*, 51 Ill. 104; *Shaw v. Allen*, 24 Wis. 563, 565), and in either case is not included within the provisions of ch. 402, Laws of 1864.

*D. H. Johnson*, for respondent:

*Lackner v. Turnbull*, 7 Wis. 105, was an action commenced in the usual form to recover a debt due for work and labor done and materials furnished. This court sustained the ruling of the circuit court permitting the defendant to amend his complaint so as to claim a lien under the chapter relating to the liens of

mechanics and others, upon the sole ground that such amendment did not change the cause of action. That is to say, the action was one at law upon contract before the amendment; and it was still an action at law on contract *after* the amendment.

LYON, J. The action was brought to enforce a mechanic's lien, pursuant to chapter 153 of the Revised Statutes; and the defendant had judgment for costs. The clerk, in adjusting the same, allowed the defendant but twenty-five dollars, exclusive of the taxable disbursements, although the taxable items of costs amounted to a larger sum. On a motion by the defendant for a re-taxation, the circuit court re-adjusted the same at twenty-five dollars, and refused to allow any amount in excess of that sum. This appeal is from the order of the circuit court re-adjusting such costs.

These costs were taxed pursuant to the Revised Statutes, chap. 133, sec. 41; and the limitation thereof to twenty-five dollars was supposed to be required by chap. 402 of the Statutes of 1864, which amends the former section by adding thereto the following proviso: "*Provided,* That in actions at law on contract the fees shall not in any one case exceed twenty-five dollars, and when the sum recovered is less than two hundred dollars, the same shall not exceed fifteen dollars."

The only question to be decided is, whether an action to enforce a mechanic's lien is "an action at law on contract." We have concluded that this question should be resolved in the affirmative; and we hold that these actions are "actions at law on contract," and come within the limitation as to the amount of taxable costs prescribed by the law of 1864.

They are certainly actions on contract; they are denominated *personal* actions in the statute; the judgments therein are enforced by executions; and

although to a certain extent they proceed *in rem*, yet that circumstance does not necessarily divest them of the character of actions at law. It is true, they have some of the characteristics of suits in equity, but these are not sufficiently marked to satisfy us that we should be justified in disregarding all of these *indicia* of actions at law which they present, and in holding that they are suits in equity.

*By the Court.*—The order of the circuit court is affirmed.