WILLER vs. BERGENTHAL, imp.

*November 13 — November 30, 1880.*

MECHANIC'S LIEN.    *Nature of the action to enforce it:    Complaint:    Variance:    Mode of trial:    Court and jury:    Facts which render defendant liable as original promisor.*

1. Under the present statute (R. S., ch. 143), the action to enforce a mechanic's lien is *equitable* in its nature, notwithstanding the provision that any issue of fact therein "shall, on demand of either party, be tried by a jury, whose verdict thereon shall be conclusive as in other cases."
2. Where neither party demanded a jury, and, though one was called, it merely assessed plaintiff's damages at a certain sum *by direction of the*

*court*, and there was no separate finding by the court: *Held*, that the case stands as if the court had itself made and filed a finding similar to the verdict.

3. The omission of the court to file findings of fact in such a case is not sufficient ground of reversal, where its judgment discloses that it must have found every material issue of fact in favor of the plaintiff.

4. The complaint averred that the petition for a lien was filed *July* 6, 1878, and within six months after the last charge for work and materials. The proof was, that such last charge was made November 27, 1877, and the petition filed *May* 6, 1878. *Held*, that the complaint was amendable, or the variance might be disregarded.

5. The omission from such complaint of the *exact date* of the last charge for labor or materials is not ground of demurrer, but, at most, of a motion to make more definite and certain. Sec. 3322, R. S., construed.

6. One H., who had contracted with defendant to build the latter a house, applied to plaintiff to furnish materials and do work on the house, but afterwards, and before plaintiff had done any work or furnished any materials, defendant promised to pay him for the work and materials he might do or furnish; and the work and materials for which a lien is claimed were done and furnished on the faith of such promise. *Held*, that defendant is absolutely bound, as an original promisor, to pay plaintiff therefor.

7. In such an action it is not necessary to show defendant's title to the *lot* on which the building is situated.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action under the statute (R. S., ch. 143) to foreclose a lien for an alleged balance due the plaintiff for materials furnished to and labor performed by him for the defendant, in the erection of a dwelling-house on certain premises described in the complaint, in the city of Milwaukee. The complaint is in the usual form of complaints in such actions, except that it fails to state specifically the date of furnishing the last item in the account. It alleges that the petition for a lien was filed on or about July 6, 1878, and within six months from the date of the last charge for the work and materials. It further alleges a settlement between the parties afterwards, an adjustment of the balance due the plaintiff at $600, and that the defendant gave the plaintiff his promissory note therefor, payable in thirty days. It also contains an offer to

surrender the note for cancellation, and on the trial the note was brought into court for that purpose. A demurrer was interposed to the complaint, and overruled; and thereupon the defendant *Bergenthal* answered, denying generally all the facts averred in the complaint except the giving of the note.

When the cause was called for trial, a jury was impanelled and sworn, but it does not appear that either party demanded a jury. On the trial, the plaintiff read in evidence the petition for a lien, to which is attached an itemized account. An indorsement of the clerk thereon shows that it was filed in the proper office May 6, 1878. He also proved that the last item in his account accrued November 27, 1877. That item is as follows: "1877, Nov. 27. 4 wash-line posts, $5.00." The next preceding item is dated October 31, 1877.

The testimony on the part of the plaintiff tended to show that one Herr, who had contracted with *Bergenthal* to build the house, applied to the plaintiff to furnish materials and do work on the house, but that the latter refused to do so because of Herr's pecuniary irresponsibility; that thereupon, and before the plaintiff had done any of the work or furnished any materials, *Bergenthal* agreed with the plaintiff to pay him therefor if he would do the work and furnish the materials; and that he did so under that agreement. The only question litigated on the trial was, whether such agreement was entered into by *Bergenthal*.

It was proved that Herr failed to perform his contract with *Bergenthal*, and one Miller finished the job. A considerable portion of the plaintiff's account accrued after Herr had abandoned the job, and there was no contract between Miller and the plaintiff concerning the work done and materials furnished by the latter. After Miller had fulfilled Herr's contract, he and *Bergenthal* settled, and the latter kept back $600 from the contract price for the plaintiff, and paid Miller the balance only.

In all other respects the plaintiff proved a case entitling

him to the relief demanded. The court directed the jury to assess the amount due the plaintiff at a sum equal to the amount due on the note for $600, which was accordingly done. After denying a motion for a new trial, the court gave judgment in the usual form for a foreclosure of the lien, a sale of the property, and the payment to plaintiff, out of the proceeds, of the amount due him, etc. No findings of fact were filed. *Bergenthal* appealed from the judgment.

*James Hickox*, for appellant, argued thus, *inter alia:* 1. The complaint is defective in not setting forth the last date upon which work was done or material furnished. R. S., sec. 3322. 2. The last material was proven to have been furnished November 27, 1877. To preserve the lien, the petition must have been filed within six months. R. S., sec. 3318. The complaint alleges the petition to have been filed July 6, 1878, and there was no proof of an earlier filing. 3. The case was one to be tried by the court, but was tried by a jury. The verdict could only entitle the plaintiff to a money judgment. The complaint demanded no more. Judgment for a sale of the premises was therefore erroneous. 4. The complaint does not state, nor did the proof show, that the defendant was the owner in fee of the premises at the time the work was done and material furnished.

For the respondent there was a brief by *Nath. Pereles & Sons*, his attorneys, with *R. N. Austin* of counsel, and oral argument by *Mr. Austin*.

LYON, J. 1. It was held in *Marsh v. Fraser*, 27 Wis., 596, that an action to enforce a lien, brought under chapter 153, R. S. 1858, was an action at law. But the late revision (chapter 143) has entirely changed the character of the action, by removing therefrom nearly every feature of a legal action, and substituting therefor all of the essential characteristics of a suit in equity. The present statute denominates the action as one to foreclose a lien (section 3321), and the procedure to

judgment is very similar to that in an action to foreclose a mortgage. Formerly, the creditor who first filed his lien obtained a priority over other lien creditors. *Hall v. Hinckley*; 32 Wis., 362. Now he does not. A subsequent lien creditor may be made a party to an action by a prior lien creditor, and share with him *pro rata* in the proceeds of the sale. R. S., secs. 3321, 3324 and 3325. Formerly, also, a personal judgment went against the debtor in the first instance, and the lien was enforced by a sale on execution. Now, no personal judgment goes except for a deficiency to be ascertained by a sale, and no execution issues on the lien judgment. Section 3326, and sections above cited.

The only feature of an action at law which seems to be retained in the present statute, is found in section 3323, which provides that " any issue of fact in such action shall, on demand of either party, be tried by a jury, whose verdict thereon shall be conclusive as in other cases." It is obvious that this provision does not make the action a legal one.

In the present case no jury was demanded, and, although one was called, it decided nothing. All of the issues were determined by the court, and the case stands precisely as though no jury had been called. There was no error in this, because neither party demanded that any issue should be tried by a jury, and it was competent, therefore, for the court to determine the issues.

2. The undisputed evidence shows that the last item charged in the plaintiff's account — " four wash-line posts " — was delivered November 27, 1877, and that the same was used in the construction of the building. The plaintiff testifies to both facts and no witness disputes him. The petition for a lien was filed in the proper office May 6, 1878, less than six months after the last item in the account was furnished. This is proved by the petition itself, which was read in evidence, on which is indorsed the certificate of the proper clerk of the date of filing. The averment in the complaint that it was

filed about July 6, 1878, is amendable in that particular, or the variance between the averment and the proof may be disregarded.

3. It is proved, by a satisfactory preponderance of the evidence, that the appellant promised to pay the plaintiff for his work and the materials he might furnish; that this promise was made before any portion of plaintiff's account accrued, and that the work was done and the materials furnished by the plaintiff on the faith of such promise. Hence, the appellant is not (as counsel argued) a subcontractor, nor yet a surety for Herr, the original contractor for the erection of the building. He is absolutely bound, as an original promisor or contractor, to pay the plaintiff for his work and materials.

4. The omission of the circuit judge to file findings of fact, although an irregularity of practice, is not necessarily fatal to the judgment. On this appeal we must review the evidence; and having done so, and finding that it fully supports the judgment, there is no good reason why the judgment should not be sustained. It would seem an absurd practice to reverse this judgment for want of findings of fact, and remand the cause with directions to the court below to find the material allegations of the complaint proved, and then to render precisely the same judgment which had been reversed. See *Sanford v. McCreedy*, 28 Wis., 103, and cases cited. Should this court, for any reason, deem it important to have the opinion of the trial judge on any given question of fact, of course it has the power, and would undoubtedly exercise it, to reverse for want of a finding. But there is no ground for any such proceeding in this case. The judgment itself discloses that the court must have found every material issue of fact in favor of the plaintiff.

5. We think the plaintiff was not required to prove the title of the appellant to the lot upon which the lien is claimed. The lien is enforced only upon the interest of the appellant therein, and, should it transpire that the latter has no such

interest, the plaintiff would take nothing by his judgment. That is a matter between the plaintiff and some possible adverse claimant of the lot, and does not concern the appellant. No reason is perceived for requiring proof of appellant's interest in the lot, in this action to foreclose a lien, which would not apply with equal force in actions to foreclose mortgages, where, as between mortgagor and mortgagee, no such proof is ever required.

6. The complaint states a cause of action, and the demurrer thereto was properly overruled. The only room for argument on this point is found in the fact that the date of the last charge in the plaintiff's account is not given. Section 3322 provides that a complaint shall be sufficient if it sets forth certain facts, such date being one of them. But it does not provide that the complaint is bad if it omits such date. The complaint avers the filing of the petition within six months after the date of the last charge. This is the material fact. The failure to give the date may be ground for a motion to make the pleading more definite and certain, but the defect is not reached by a demurrer.

The foregoing views dispose of all the errors assigned adversely to the appellant.

*By the Court.* — The judgment of the circuit court is affirmed.