Moritz vs. Splitt.

## MORITZ vs. SPLITT.

*September 19 — October 10, 1882.*

APPEAL TO S. C. *(1) What reviewable on appeal from judgment.*
PLEADING. *(2) Complaint not demurrable though not showing a right to all the relief demanded.*
MECHANIC'S LIEN. *(3) Complaint, in foreclosure, good though not stating cause for equitable relief. (4) What claim for lien must state.*

1. An appeal from a judgment dismissing a complaint brings up for review the order sustaining a demurrer upon which such judgment was based.
2. The fact that the allegations of a complaint do not entitle the plaintiff to all the relief prayed for, is not ground of demurrer if the complaint states a cause of action for which judgment may bo taken as a part of the relief demanded.
3. Though an action to enforce a mechanic's lien is by statute made an equitable action, the complaint need not necessarily state a cause for equitable relief, it being provided by sec. 3324, R. S., that if the plaintiff fail to establish his lien, but establishes a right to recover upon contract for his alleged work, etc., he may have a personal judgment in the action against the party liable.
4. The claim for a mechanic's lien when filed by a principal contractor, need not state that the person against whom the demand is claimed has any interest in the premises affected by the proceeding. *Bertheolet v. Parker*, 43 Wis., 551, distinguished.

APPEAL from the Circuit Court for *Milwaukee* County. Action to enforce a mechanic's lien. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. October 11, 1881, the court sustained the demurrer, with leave to the plaintiff to amend the complaint within twenty days upon payment of $10 costs. Notice of the entry of the order, and a copy of the same, was served upon the plaintiff's attorney, November 21, 1881. On the same day judgment was rendered thereon dismissing the complaint, and for costs against the plaintiff and in favor of the defendant, and reciting that the defendant had neglected to amend the complaint or pay the $10, notwithstanding more than twenty days had elapsed since the making and entry of the order, and was therefore in default. November 23, 1881, the plaintiff filed exceptions to the rulings and order of the court sustaining the demurrer, and November 28, 1881, the judgment for dismissal and costs was entered. From that judgment, the plaintiff appealed.

The cause was submitted on the brief of *O. J. Fiebing* for the appellant, and that of *Thompson & Clarke* for the respondent.

CASSODAY, J. There can be no question but what the appeal from the judgment brings up for review the order sustaining the demurrer upon which it is based. The statute so declares, whenever the order "involves the merits and necessarily affects the judgment." Sec. 3070, R. S. This court has frequently so held. *Breed v. Ketchum*, 51 Wis., 166; *Webster v. Ins. Co.*, 36 Wis., 67; *Armstrong v. Gibson*, 31 Wis., 61; *Sweet v. Mitchell*, 17 Wis., 125. The only ground of the demurrer is that the "complaint does not state facts sufficient to constitute a cause of action." Obviously the demurrer was not well taken, if the complaint does state facts sufficient to constitute a cause of action. That it

does, seems to be conceded; but the contention is that it fails to state the facts necessary to entitle the plaintiff to a lien upon the premises in question for the amount of his claim, which is a part of the relief demanded. But the mere fact that the allegations of the complaint do not entitle the plaintiff to all the relief prayed for, is no ground for holding that it states no cause of action, when, in fact, it does state a good cause of action, for which judgment may be taken as a part of the relief demanded in the complaint. Such ground of demurrer can only be sustained when the complaint states no cause of action whatever. *Bronson v. Markey,* 53 Wis., 98; *Wheeler v. Hall,* 41 Wis., 447.

It is claimed, however, that an action to enforce a mechanic's lien is made by the revised statutes an equitable action, and hence must necessarily state a cause for equitable relief. But the statute expressly provides that "if the plaintiff in any such action fail to establish his lien, . . . but establishes a right to recover upon contract for his alleged work and labor done, or materials furnished, he may have a personal judgment in the action against the party liable for the amount due him, . . . in like manner as if the action were for the recovery of money only." Sec. 3324, R. S. Thus, upon the conceded allegations of the complaint, the statute expressly authorized the plaintiff to take a personal judgment against the defendant for the amount due him, even assuming that he had failed to establish his lien, and yet, for that reason alone, judgment was ordered against him. We are clearly of the opinion that the order sustaining the demurrer was error. If the complaint contained matters irrelevant to the only cause of action alleged, the remedy was by motion and not by demurrer.

But does the complaint fail to state facts sufficient to entitle the plaintiff to a lien? The only defect alleged is

that the claim for the lien, set out in full in the complaint, fails to state that the defendant had title to the land described.   That fact is alleged in the complaint itself. The statute only requires that " such claim for lien shall contain a statement of the contract, or demand upon which it is founded, the name of the person against whom the demand is claimed, the name of the claimant or assignee, the last date of the performance of labor or furnishing of materials, a description of the property affected thereby, a statement of the amount claimed, *and all other material facts in relation thereto*.   It shall be signed by the claimant or by his attorney, and need not be verified, and may be amended, in case of action brought, by order of the court, as pleadings may be."   Sec. 3320, R. S.   This section is more specific than the former statute, and the last clause did not appear in sec. 5, ch. 153, R. S. 1858.   The words of the section relied upon as requiring such claim to state that the defendant had title to the lands described, are those in italics.

In *Bertheolet v. Parker*, 43 Wis., 551, it was held that the petition of a *subcontractor* for a lien must show with whom the original contract was made, and that such person had an interest in the premises affected by the proceedings.   But in case of a subcontractor such statement is essential to connect him with the owner of the land and the premises.   Such fact, together with the giving of the notice to the owner required by sec. 3315, R. S. (sec. 2, ch. 153, R. S. 1858), became, within the language of sec. 3320, R. S., "material facts in relation" to the lien.   But in the case of a principal contractor the " statement of the contract," with " the name of the person against whom the demand is claimed," and "a description of the property affected thereby," necessarily connects such contractor with the property and its owner.

In *Willer v. Bergenthal*, 50 Wis., 479, which was since the revision, this court went so far as to hold that the plaintiff was not required to prove the title of the defendant to the

lot upon which the lien was claimed. The reason given was that the lien was enforceable only upon his interest, and if he had none, then the plaintiff would take nothing by his judgment, thus likening the case to the foreclosure of a mortgage. If the claim or petition substantially conforms to the statutes, as above indicated, and the complaint substantially conforms to sec. 3322, R. S., it would seem to be sufficient, and here they do so conform.

*By the Court.*— The judgment of the circuit court and the order upon which it is based are reversed, and the cause is remanded for further proceedings according to law.