CALLAWAY, Respondent, vs. EVANSON and wife, Appellants.

*February 7—March 6, 1956.*

252

For the appellants there was a brief and oral argument by *Dale G. Waterman* of La Crosse.

For the respondent there was a brief by *Steele, Mau, Toepel & Klos* of La Crosse, and oral argument by *Elmer B. Mau.*

GEHL, J. It is contended that at the time of the making of the contract the defendants were not the owners of any interest in the land who entered into the contract for the improvement thereof within the meaning of sec. 289.01 (1) (c), Stats., and that, therefore, plaintiff has no valid claim for a mechanic's lien. Assuming that, as defendants contend, they had no interest in the premises at the time of the making of

the contract because it was not in writing, that fact would not be fatal to plaintiff's claim for a mechanic's lien. The plaintiff was not required to prove what interest the defendants had in the premises at the time of the making of the contract. When the lien is enforced it is enforced only upon the interest of the defendants in the real estate and should it transpire that the latter have no such interest, the plaintiff would take nothing by his judgment. *Willer v. Bergenthal* (1880), 50 Wis. 474, 7 N. W. 352; *Moritz v. Splitt* (1882), 55 Wis. 441, 13 N. W. 555; *Williams v. Lane* (1894), 87 Wis. 152, 58 N. W. 77.

If defendants had no interest in the property prior to March 5, 1951, they acquired one however by virtue of the deed given them on that date. The lien attaches to that after-acquired interest.

"Sec. 289.12 JUDGMENT. The judgment shall adjudge the amount due to each claimant who is a party to the action. It shall direct that the interest of the owner in the premises at the commencement of the work or furnishing the materials for which liens are given *and which he has since acquired, . . .*" (Italics ours.) See also *Hawley v. Tesch* (1894), 88 Wis. 213, 59 N. W. 670, and annotation in 85 A. L. R. 928.

Defendants contend that, by execution of the deed referred to, plaintiff is estopped to assert a claim for mechanic's lien and also that thereby he has waived his right thereto. The doctrine of estoppel does not operate against one unless he has done something to induce another to change his position to his prejudice. *Wyman v. Utech* (1949), 256 Wis. 234, 42 N. W. (2d) 603. Defendants do not call attention to anything done by them and induced by acceptance of the deed which has prejudiced them. A waiver is an intentional act; an intentional relinquishment of a known right. *Wisconsin Club v. John* (1930), 202 Wis. 476, 233 N. W. 79; *Estate of Oeflein* (1932), 209 Wis. 386, 245 N. W. 109. We find nothing in the record to suggest that by execution and de-

livery of the deed plaintiff intended to forego his right to the lien. The deed was executed in compliance with the terms of the contract and for no other apparent purpose.

Defendants state as one of the questions involved that "the warranty deed given by the plaintiff and conveying lands owned by him was in fact a sale of the lands in question." If the statement is to be construed as meaning that the entire agreement was merged in the deed the contention is without merit. The defendants agree that it was understood that they should have the deed and that its execution and delivery constituted only one of the acts to be performed by plaintiff.

Defendants urge that we treat the item of "five per cent for supervising and miscellaneous services" as a provision for payment of a real-estate broker's fee, and contend that plaintiff may not recover it because he is not a licensed real-estate broker or salesman. The testimony upon this point is not conclusive one way or the other, although it appears to us that plaintiff's activity with respect to a loan obtained by defendants and secured by a mortgage was of no great consequence. The trial court made no finding upon the subject. The burden of proving the defense was upon the defendants. They failed to meet it, at least they failed to establish what, if any, of the five per cent was charged as a fee for broker's services.

Defendants contend that the court erroneously allowed an inclusion in the recovery of some items of overhead expense in computing the cost of labor furnished. The issue was not raised by the pleadings. No request was made for a finding upon the subject and none was made. To consider defendant's contention would require that we ascertain what sum or sums were actually paid to plaintiff's various employees and what amounts, if any, were charged to defendants for overhead. The record is not in such shape as to have enabled the trial court to make the computation, and it follows, of course, that we are unable to do so. True, plaintiff testified that he

hired an employee by the week without indicating or being asked what salary was paid him and for how many hours per week, and that he paid the man $1.50 per hour, suggesting that possibly (but only possibly) less than $1.50 per hour was paid, but the trial court could not have so found upon the record before it.

Finally, defendants contend that the amount of the recovery should be reduced because some of the elements in plaintiff's claim were allowed without having been itemized. In his complaint plaintiff alleged that the total amount due under his contract is $10,991, $7,575 has been paid, and that there is now owing a balance of $3,416. He did not itemize his account in his testimony given at the trial. No bill of particulars was demanded by defendants. Defendants themselves offered in evidence Exhibit 4, a statement of charges and credits consisting of eight pages and manifestly prepared by the plaintiff. It is a detailed statement of the materials furnished and states a lump sum of $1,858.07 for carpenter labor furnished. It was stipulated at the suggestion of defendants, that it represents "items set forth on slips presented by plaintiff to defendants" and was received in evidence. Upon his cross-examination of plaintiff, counsel referred to a slip which had been given defendants by plaintiff; plaintiff testified that it is a "summary of carpenter labor in connection with the construction" and that the total amount stated on the exhibit is $1,858.07, the exact amount which is carried in Exhibit 4 for carpenter labor. It does not appear that the issue was raised in the court below or that the defendants requested a finding upon the subject. No finding was made. There is no suggestion in the record that it was raised in the court below or that the court's attention was called to it. Consequently, it is not here for determination. *Herro v. Heating & Plumbing F. Corp.* (1931), 206 Wis. 256, 239 N. W. 413.

*By the Court.*—Judgment affirmed.