ESTATE OF HELGERT: HELGERT, Appellant, v. LUEDKE
and others, Respondents.

*December 2, 1965—January 4, 1966.*

454

456

For the appellant there were briefs and oral argument by *David L. Walther* of Milwaukee.

For the respondents there was a brief and oral argument by *John W. Emmerling* of Milwaukee.

WILKIE, J. Three questions of procedure are presented on this appeal:

First, is appellant a party in interest within the meaning of sec. 310.045, Stats.?

Second, is appellant guilty of laches?

Third, is appellant estopped from petitioning for the probate of the will?

For the reasons indicated below our answer to the first question is "Yes," and to the second and third, "No." Thus, we reach the final and obviously most crucial issue: *As a matter of law, was the will revoked in toto?*

### Interested Party.

Pointing out that appellant was neither an heir nor specifically named in the will, the trial court found that she was "not a party in interest or entitled to petition for the probate" of the will. Appellant counters that since she would be a legatee if her contention that the will, as altered, included her as one of the unnamed sisters, she would be entitled to a share of the estate. Thus, appellant contends that she has an interest within the meaning of sec. 310.045 (1), Stats.[1]

Appellant must first establish that the will was not revoked *in toto*. After doing this she must then prove that somehow she takes under the will, as altered. To ascertain whether she is an "interested person," as an initial proposition, it is necessary in this case to go into the merits of her position. Going into the merits is just what appellant wants; as she contends, this makes her an "interested person" at least to the extent of having the merits of her position determined. In effect, it is another version of the age-old inquiry of which came first, the hen or the egg. We eagerly leave this inquiry to the scientists to settle. It is enough for us to determine here that under the circumstances of this case the petitioner is an interested person to present her petition and to have the opportunity to prove to the court the will giving her

---

[1] "PETITIONS TO COUNTY COURT. (1) *General.* All applications to county courts, except motions in matters at issue, shall be made by verified petition. All petitions must show the jurisdiction of the court and the interest of the petitioner. . . ."

an interest in the estate. This holding is consistent with the avowed policy of the law to demand "full and unshackled inquiry as to the existence, validity, and establishment of wills and revocations thereof." [2]

## Laches.

The trial court determined that appellant was barred by laches from instituting the probate proceedings. However, it is well settled that the mere lapse of time will not prevent the probate of the will. [3]

## Estoppel.

The trial court found that appellant was estopped from presenting the will for probate. This court has held that "In the absence of conduct creating an estoppel it is generally held that the grant of letters of administration does not bar the probate of a will subsequently presented." [4]

In the recent case of *City of Milwaukee v. Milwaukee County* [5] we defined estoppel *in pais* as follows:

"An estoppel *in pais* consists of action or nonaction on the part of the one against whom the estoppel is asserted which induces reliance thereon by another, either in the form of action or nonaction, to his detriment. *Dixon v. Davidson* (1930), 202 Wis. 19, 231 N. W. 276; *Callaway*

[2] *Will of Burns* (1933), 210 Wis. 499, 504, 246 N. W. 704. See also *Estate of Hulett* (1959), 6 Wis. (2d) 20, 94 N. W. (2d) 127, and *Will of Dardis* (1908), 135 Wis. 457, 115 N. W. 332.

[3] *Estate of Yahn* (1951), 258 Wis. 280, 284, 45 N. W. (2d) 702; *Simpson v. Cornish* (1928), 196 Wis. 125, 147, 218 N. W. 193; *Guardianship of Reeve* (1922), 176 Wis. 579, 591, 186 N. W. 736; *Will of Brandon* (1916), 164 Wis. 387, 391, 160 N. W. 177; *Hanley v. Kraftczyk* (1903), 119 Wis. 352, 356, 96 N. W. 820.

[4] *Estate of Yahn, supra,* footnote 3, at page 284, citing 57 Am. Jur., Wills, p. 535, sec. 787, and Anno. 95 A. L. R. 1107.

[5] (1965), 27 Wis. (2d) 53, 66, 133 N. W. (2d) 393. Cited with approval in *Hanz Trucking, Inc., v. Harris Brothers Co.,* ante, p. 254, 138 N. W. (2d) 238.

*v. Evanson* (1956), 272 Wis. 251, 75 N. W. (2d) 456; *Eau Claire Dells Improvement Co. v. Eau Claire, supra."*

Noting that the land which was in the estate and subsequently sold to third persons has increased considerably in value as the result of improvements, respondents contend that if appellant is not estopped and attempts to recover from the purchasers, they could be liable under the warranty deeds for more than four times as much money as they actually received on the sale. However, this analysis overlooks the rule that where there has been a decree of intestacy and distribution, anyone buying land from the estate is protected as a *bona fide* purchaser.[6] Respondents could only be liable for the total value of the estate.

Although appellant *could* be estopped from probating the will, the lack of testimony by or affidavits of the heirs in regard to their knowledge, reliance and acts, makes it impossible to ascertain whether or not she actually *is* so precluded in the present case. Consequently, for purposes of this appeal, this court must assume that the petitioner is not estopped from presenting the will for probate.

This brings us to the merits of the controversy: Was the will totally revoked?

### Total Revocation.

The trial court found that Helgert had in fact revoked his will. Appellant would have this court declare, as a matter of law, that the will was not revoked, and remand the case for further proceedings.

Sec. 238.14, Stats., provides, so far as material, that:

"No will nor any part thereof shall be revoked unless by burning, tearing, canceling or obliterating the same, with the intention of revoking it, . . . or by some other writing, signed, attested and subscribed in the manner provided in this chapter for the execution of a will; . . ."

---

[6] *Simpson v. Cornish, supra,* footnote 3.

The will was not burned, torn, or obliterated. An examination of the multifarious markings on the will and the backer demonstrates, and appellant does not seriously deny, that Helgert unquestionably intended to revoke his will. Thus the entire revocation question turns on whether the writing amounts to an effective cancellation. No comparable case could be found either in Wisconsin or in any other jurisdiction.

The general rule is that lines, marks, or written words must be placed across the written portion of the will [7] in order to constitute an effectual cancellation, and that no revocation results when words are merely written in the margin or elsewhere on the will. [8] Nonetheless, it has been recognized that a cancellation, however slight, may constitute a revocation where there is proper intent, [9] particularly where a dispositive provision is affected, [10] or the elimination materially alters the meaning or legal effect of the will. [11]

Out of the five paragraphs in the will, three were standard, routine provisions (dealing with debts, executrices and the revocation of prior wills), another explained that his children and ex-wife were purposely ignored, and only one—the second—made any disposition of property. By drawing lines through the names of his sisters Rose and Mary, who were the only ones taking under the will, Helgert destroyed any testate plan of

---

[7] See 2 Page, Wills (Bowe-Parker rev.), p. 359, sec. 21.8.

[8] See 2 Page, Wills (Bowe-Parker rev.), p. 362, sec. 21.9; 1 Callaghan's, Wisconsin Probate Law and Practice (6th ed.), p. 184, sec. 5.50.

[9] See 2 Page, Wills (Bowe-Parker rev.), p. 364, sec. 21.10; 57 Am. Jur., Wills, p. 345, sec. 495; 57 Am. Jur., Wills, p. 349, sec. 503; *Bohleber v. Rebstock* (1912), 255 Ill. 53, 99 N. E. 75; *Worcester Bank & Trust Co. v. Ellis* (1935), 292 Mass. 88, 197 N. E. 637; *Graham v. Burch* (1891), 47 Minn. 171, 49 N. W. 697; *Bohanon v. Walcot* (1836), 1 How. 336 (Miss.), 29 Am. Dec. 631; *Warner v. Warner's Est.* (1864), 37 Vt. 356.

[10] 2 Page, Wills (Bowe-Parker rev.), p. 362, sec. 21.9.

[11] 57 Am. Jur., Wills, p. 349, sec. 503.

distribution and rendered the will meaningless. The cancellation of key provisions, while leaving inconsequential clauses, was held to establish a revocation of the whole will in *Estate of Rauchfuss*.[12] Furthermore, the jottings and comments on the will and backer, while insufficient of themselves to revoke the will, evidence a categorical and unequivocal intent to that end. The word "void" is found five times, the "Last Will & Testament" heading is crossed out, and sufficient explanation is given for his action.

Appellant relies on *Will of Mary P. Ladd* [13] in contending that the will was not revoked. *Ladd* involved a will with "I revoke this will. Mary P. Ladd, October 7, 1879" written only on the backer, and no other markings on the will. Thus, *Ladd* is distinguishable on its facts from the instant case.

We conclude that, under the circumstances of this case, as a matter of law, the will was revoked as a whole. Any result which would make appellant a beneficiary violates the cardinal rule that the intent of the testator is the controlling factor.[14] There is absolutely no mention of appellant in the will as originally written or as altered. Helgert's notations and the will indicate that others were to share his estate.

*By the Court.*—Order affirmed.

[12] (1939), 232 Wis. 266, 287 N. W. 173.

[13] (1884), 60 Wis. 187, 18 N. W. 734.

[14] *Estate of Southey* (1965), 26 Wis. (2d) 335, 132 N. W. (2d) 532.