DUNN, Appellant, v. PERTZSCH CONSTRUCTION COMPANY, INC., Respondent.*

*February 27—April 9, 1968.*

* Motion for rehearing denied, with costs, on June 4, 1968.

434

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *Thomas H. Skemp.*

For the respondent there was a brief by *Steele, Smyth, Klos & Flynn* and *Frederick R. Schneider,* all of La Crosse, and oral argument by *Mr. Schneider.*

HALLOWS, C. J.   Loretta Dunn claims the trial court committed error in granting summary judgment because the affidavits supporting the motion were insufficient to prove an estoppel by clear, satisfactory and convincing evidence.   No doubt, this is the proper standard of proof to make a *prima facie* case for estoppel.   *Eckstein v. Northwestern Mut. Life Ins. Co.* (1937), 226 Wis. 60, 275 N. W. 916; *Crane v. Esmond* (1934), 214 Wis. 571, 253 N. W. 780.   However, it is not true as contended by Mrs. Dunn that estoppel can be proved only by overt acts and an actual intention to induce another to take action to his prejudice.   We do not read *Caveney v. Caveney* (1940), 234 Wis. 637, 291 N. W. 818; *Callaway v. Evanson* (1956), 272 Wis. 251, 75 N. W. 2d 456; and *Active Co. v. Slate* (1960), 10 Wis. 2d 340, 103 N. W. 2d 46, as so holding.

The affidavits in support of the motions show Mrs. Dunn knew of the negotiations for the removal of the fill between the defendant and her husband, that she read the contract, had been told about the negotiations by her husband and witnessed her husband's signature to the contract.   She knew of the presence of the defendant on the land and saw its employees removing dirt therefrom.   She complained about the manner in which the fill was being removed but at no time did she complain of the presence of the defendant or of the fact of the removal of the fill.   During all of the negotiations and the removal of the fill Mrs. Dunn knew she had an interest in the land although she was uncertain of its exact nature.   Nevertheless she remained silent and by this silence concealed her ownership from the defendant who did not know of her interest.   We think under these circumstances Mrs. Dunn had a duty to speak and the defendant had a right to rely on her silence.

In the *Caveney Case* at 650, the court indicated a party who with full knowledge of the facts acquiesces in another's taking action might be estopped without any

overt act of inducement. Even in *Kingman v. Graham* (1881), 51 Wis. 232, 8 N. W. 181, cited by Mrs. Dunn, the court states silence on the part of a property owner of record might be enough to estop him from later asserting his title against a person who bought the property from another if the owner said nothing although he knew at the time of the sale the buyer was about to act in ignorance. Where there is no duty to speak, a person is not estopped by his silence but when that duty exists and he remains silent, he may be estopped, even in respect to real estate. 5 Thompson, *Real Property*, p. 478, sec. 2525; 4 Tiffany, *Real Property*, p. 658, sec. 1235.

The concept of intentional fraud or inducement in respect to estoppel does not require necessarily what will ground an action in fraud but is satisfied by unconscientious or inequitable action. *See State ex rel. Attorney General v. Janesville Water Co.* (1896), 92 Wis. 496, 66 N. W. 512; *Crane v. Esmond, supra.* In *Crane* the doctrine of estoppel was applied to an interest in real estate. Recently in *Bade v. Badger Mut. Ins. Co.* (1966), 31 Wis. 2d 38, 46, 47, 142 N. W. 2d 218, we pointed out that an estoppel *in pais* could consist of action or nonaction on the part of one against whom the estoppel is asserted if that action or nonaction induces reliance thereon by another either in form of his action or nonaction to his detriment. *See Estate of Helgert* (1966), 29 Wis. 2d 452, 460, 461, 139 N. W. 2d 81; *Hanz Trucking, Inc., v. Harris Brothers Co.* (1965), 29 Wis. 2d 254, 266, 267, 138 N. W. 2d 238; *City of Milwaukee v. Milwaukee County* (1965), 27 Wis. 2d 53, 66, 133 N. W. 2d 393; *Vilas v. Mason* (1870), 25 Wis. 310. In *Estate of Helgert*, at page 460, we quoted from *City of Milwaukee v. Milwaukee County, supra,* as follows:

"An estoppel *in pais* consists of action or nonaction on the part of the one against whom the estoppel is asserted which induces reliance thereon by another, either in the form of action or nonaction, to his detriment."

Mrs. Dunn claims her silence was due to her ignorance of the nature of her rights and her silence was not intended to induce the defendant to act. In addition, Mrs. Dunn argues her interest was of record and the defendant should have searched the record and his failure to do so amounts to negligence. We do not think the reason for Mrs. Dunn's silence is controlling. She knew she had an interest in the farm. It is common for wives to jointly own property with their husbands and presumably many of them do not know their exact interest or consider themselves to be in fact a joint owner. As in this case of Mrs. Dunn, many wives are content to have their husbands handle the business affairs and would not object even if they knew the exact nature of their interest. Mrs. Dunn realized her silence would result in a contract only between the defendant and her husband. If she wanted to be a party to the contract, she had only to say so. She does not say if she had known she was a joint owner that she would not have consented to the agreement.

We think the defendant cannot be charged with lack of diligence or want of reasonable care because he did not inspect the record of title in the register of deeds office. One of the affidavits states Mr. Dunn represented he owned the property and this statement is not controverted by the affidavits in opposition to the motion. There was no reason to search the records simply because Mr. Dunn had a wife.

Mr. Dunn testified on adverse examination his wife first complained when the check for $800 was offered because she had expected $2,100. Apparently her only dissatisfaction was with the amount of the check, but the amount of the check has nothing to do with whether the defendant is a trespasser or not. On her adverse examination, Mrs. Dunn stated she was complaining about the taking of the fill from the farm because the defendant did not pay what it said it was going to pay for it.

Because we think the trial court was correct in finding estoppel, we need not consider the questions of waiver or abandonment of rights by Mrs. Dunn. The affidavits create no material issue of fact and we think the defendant has met the test for summary judgment discussed in *Leszczynski v. Surges* (1966), 30 Wis. 2d 534, 141 N. W. 2d 261, wherein this court stated, at 537, 538:

". . . In *McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. (2d) 275, 277, 137 N. W. (2d) 49, we stated:

"The rules governing summary judgments are well known and have been frequently stated and explained by this court. Under the rule of *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305, and *Dottai v. Altenbach* (1963), 19 Wis. (2d) 373, 120 N. W. (2d) 41, we first examined the moving papers and documents to determine whether the moving party has made a *prima facie* case for summary judgment under sec. 270.635 (2), Stats., and if he has, we then examine the opposing party's affidavits and other proof to determine whether facts are shown which the court deems sufficient to entitle the opposing party to a trial. If the material facts are not in dispute and if the inferences which may reasonably be drawn from the facts are not doubtful and lead only to one conclusion, then only a matter of law is presented which should be decided upon the motion. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807; *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 108 N. W. (2d) 552.' "

*By the Court.*—Judgment affirmed.