[No. 21297.   Department One.   October 9, 1928.]

*In the Matter of the Estate of* FRANCENA ROBINSON, *Deceased.*[1]

*Roberts, Skeel & Holman, Elwood Hutcheson,* and *Williams & Davis,* for appellant.

*Tucker, Hyland & Elvidge, W. T. Perkins, Mary H. Alvord, D. H. Jarvis, Bausman, Oldham & Eggerman,* and *John P. Lycette,* for respondents.

MITCHELL, J.—This action was brought by Miriam R. Dingley and others to establish and admit to probate

[1]Reported in 270 Pac. 1020.

the last will of Francena Robinson, deceased, it being alleged that the will was in existence at the time of her death or that it had been destroyed, not by herself nor with her knowledge or consent, but by another fraudulently. Upon a show cause order, all necessary parties interested appeared in the action. Harry W. Robinson, by an answer consisting of appropriate denials, resisted the petition. The trial resulted in findings, conclusions and judgment establishing the will, admitting it to probate, and confirming the appointment of one of the parties named in the will as executor. Harry W. Robinson has appealed.

In a way, this is a companion case to that of *Dingley v. Robinson, ante* p. 301, 270 Pac. 1018, the two being presented at the same time on the appeals; and in the trial of this case it was stipulated that all of the evidence introduced in the other that was pertinent to this one should be considered.

Upon the death of Francena Robinson, an administrator of her estate was appointed upon the petition of Harry W. Robinson, it being alleged that the deceased left no will. Shortly after the appointment, the case of *Dingley v. Robinson, supra,* was commenced, which involved the claim of Harry W. Robinson that his mother had given all of her property to him; and in the trial of that cause, it appearing that the deceased died testate, the present action was commenced at once to establish and probate her will, with the result as already stated, and the further order setting aside and cancelling the order by which an administrator of the estate had been appointed. The opinion in the other case mentions some of the facts pertinent to the present case.

The evidence showed clearly that the deceased executed a will on March 26, 1926, with all the formal-

ities required by law, and that she was of sound mind at that time. The evidence further showed clearly and precisely the provisions of the will, and further ·that she deposited it in her safety deposit box at once, and thereafter was never present when the box was opened. The petitioners herein were unable to locate the will at the time these proceedings were instituted, or at all. Formerly, several years apart, the deceased had made two wills, in each of which she divided her property about equally between her two children, from each of which wills this one differs, among other things, in providing small bequests to each of her two children and making them equal residuary legatees, but providing substantially for each of the descendants of her two children; and, also, in designating the Seattle National Bank as co-executor with her son who, in each of her former wills, had been named as an executor together with some other bank. The two former wills had been destroyed by her from time to time upon her executing a new will.

In *In re Harris' Estate*, 10 Wash. 555, 39 Pac. 148, we spoke of what may be termed the uniform rule, as follows:

"The law presumes that a will proved to have been in existence and not found at the death of the testator was destroyed by him *animo revocandi*."

Or, as stated in *Schultz v. Schultz*, 35 N. Y. 653, referred to in the *Harris* case:

"If the will had remained in the custody of the testator, or it had appeared that, after its execution, he had had access to it, the presumption of law would be, from the fact that it could not be found after his decease, that the same had been destroyed by him, *animo revocandi*."

In the *Harris* case, it was further pertinently said:

"This presumption of revocation cannot be invoked, ·or rather, is overcome and rebutted, where it appears

that the testator, after the execution of the will, deposited it with a custodian and did not thereafter have it in his possession or have access to it.''

So, in this case, the presumption was overcome or rebutted when it was shown that she put the will in her safety deposit box and thereafter was never present when the box was opened; while she had a *right* of access to it, she did not have *actual* access to it. Within the reason of the rule, the appellant, who had a key to the deposit box, was the safekeeper of the will, under the circumstances of this case.

In this situation, the appellant affirmed at the trial that, at the request of his mother, he had taken the will out of the box and delivered it to her and that she had destroyed it.

''The burden, therefore, of retracing it into the hands of the testatrix is upon the contestant.'' *In re Miller's Will*, 49 Ore. 452, 90 Pac. 1002.

Upon this question the trial court found

''That the said will was in existence at the time of the death of Francena Robinson, or if it was not in existence the same was fraudulently removed from her safety deposit box by Harry W. Robinson and wrongfully suppressed.''

Upon exceptions to this finding, the principal question in the case is presented. It is a pure question of fact that must be determined upon a great volume of testimony. There was testimony tending to support appellant's contention, coming from himself and his wife. On the contrary, there was a vast amount of strong circumstantial evidence, together with reasonable inferences from evidence against his contention. There were contradictions in the testimony of himself and his witness, in important particulars in this respect, and various attempts at corrections as suggested by the necessity of the situation. Of course,

early statements may be incorrect and inadvertent while explanations or attempted corrections of them may speak the truth, or the reverse may be true—a problem to be solved by the trier of the facts. The appellant and his witness on this issue of fact were called as witnesses time and again on this and other features of the two cases, the trials of which lasted a number of days. Such opportunity to observe and study the witnesses as the trial judge had of course is denied to us. The views of the trial judge upon this subject were expressed not only in formal findings, but in a full memorandum opinion to which the usual credit must be accorded in reaching our conclusion to the effect that, upon the whole record, the evidence, in our opinion, preponderates in favor of the findings and judgment.

■ The appointment of an administrator for the estate was made on November 10, 1926. The petition to establish the will and admit it to probate was filed December 3, 1927. Because more than a year had intervened, it is argued on behalf of appellant that respondent's petition was not timely made, and should be dismissed. The estate was in the course of probate, and it appears that steps were taken in the matter of establishing and probating the will as soon as the facts were or reasonably could be discovered. No statute is cited other than Rem. Comp. Stat., § 1385, which, however, is mentioned by the respondents as possibly the one upon which appellant relies. That statute has no application. It provides for adversary proceedings within six months after the probate or rejection of a will. Here there had been no probate or rejection of a will at the time the petition of respondents was filed in this proceeding.

■ Upon objections by the respondents, the superior court refused to confirm and appoint Harry W.

312

Robinson as one of the executors of the will. Very great respect will be given by the court to the suggestion or nomination by a testator in this respect; but the trial court is not bound or concluded by a nomination made in the will. In this case we are not disposed to disturb the order in this respect.

Judgment affirmed.

FULLERTON, C. J., TOLMAN, FRENCH, and PARKER, JJ., concur.