ESTATE OF YAHN : YAHN and others, Appellants, vs.
BARANT and others, Respondents.

*December 7, 1950—January 9, 1951.*

For the appellants there were briefs by *Fisher & Fisher* of Janesville, attorneys, and *W. B. Rubin* of Milwaukee of counsel, and oral argument by *Mr. Cleland P. Fisher* and *Mr. Rubin.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Richard S. Gibbs* of counsel, all of Milwaukee, and oral argument by *Mr. Gibbs.*

GEHL, J.   Appellants contend that the doctrine of *res adjudicata* bars the admission to probate of the instrument dated October 8, 1947; that upon the record it must be found that the undue influence exercised by Miss Barant extended back at least to the time of the execution of the will of October 8th.

Upon the proceedings for the probate of the will of October 30th there was but one issue: Was that instrument the will of Charles S. Yahn? Although previous wills were received in evidence, the contest related exclusively to the one instrument; likewise the adjudication.  While it may appear unlikely that the influence which Miss Barant exercised upon the testator on October 30th and which Judge SIMPSON said had begun early in her acquaintance with the deceased, did not operate upon him on October 8th, still we may not say that it is the fact.  Undue influence to render a will invalid must operate at the particular time of its execution.  57 Am. Jur., Wills, p. 260, sec. 353.

Upon the petition for probate heard by Judge SIMPSON the court had for consideration the will of October 30th.  It was the only thing in controversy.  The conclusiveness of a

judgment rendered is confined to the thing in controversy, in this case the will of October 30th. *Hart v. Moulton,* 104 Wis. 349, 80 N. W. 599.

Appellants cite *Will of Kalskop,* 229 Wis. 356, 281 N. W. 646, 282 N. W. 587, to the point that Judge SIMPSON's determination operates upon all of the wills heretofore referred to. It is true that in that case, as in this, more than one of decedent's previous wills was before the court. The distinction between the two cases lies in the fact that in the *Kalskop Case* the trial court had ordered evidence to be taken relating to all of the wills, had directed that contestant file objections to the previous wills, and thereupon made decision and entered judgment as to the validity or invalidity of each of the wills. Thereby all of them became subjects of the controversy. Here the previous wills were offered and considered as evidence only. The question as to their validity or invalidity was not considered or determined. Judge SIMPSON's determination is not *res adjudicata* as to the previous wills.

The will of October 30th contains a provision "revoking all former wills heretofore made." Appellants contend that by force of this provision all instruments previously executed by the decedent as wills were revoked. The finding that the will of October 30th resulted from the exercise by Miss Barant of undue influence extends to all its provisions. Its revocatory clause is as much a part of the instrument as are any of its other provisions; its efficacy is dependent upon the validity of the will. The court having found the will ineffectual the revocatory clause fails also. *Estate of Callahan,* 251 Wis. 247, 29 N. W. (2d) 352. Appellants cite *Will of Noon,* 115 Wis. 299, 301, 91 N. W. 670, where it is held that "the operation of the revocatory clause is immediate [upon its execution]." No doubt this is the rule; but to make it applicable it must appear that the clause is effective and without infirmity. That is not the case here.

In the proceedings upon the petition for administration of the estate the court in ordering appointment of an administrator necessarily found intestacy. The time for appeal from the order has expired. Appellants contend that the finding of intestacy is *res adjudicata* as to the petition of Miss Barant for probate of the will of October 8th.

Sec. 311.12, Stats., provides:

"If, after granting letters of administration by any county court on the estate of any deceased person as an intestate, a will of such deceased person shall be duly proved in and allowed by said court such letters of administration shall be revoked by order of and surrendered to said court; and the powers of the administrator shall cease, and he shall thereupon render an account of his administration within such time as the court shall direct "

It should be observed that the statute is applicable not only in the case where a will may be found after granting of letters of administration but also that there is no limitation upon the time within which a will may be probated. The statute really does no more than provide the proceeding to be taken and the effect upon a prior granting of letters of administration where a will is later presented. In the absence of conduct creating an estoppel it is generally held that the grant of letters of administration does not bar the probate of a will subsequently presented. 57 Am. Jur., Wills, p. 535, sec. 787; Anno. 95 A. L. R. 1107.

Estoppel is not created in a situation such as this in the absence of injury to other persons.

"A person is not estopped to offer a will for probate because of a prior claim on his part based upon . . . another purported will, in the absence of injury to other persons consequent upon the probate of the will subsequently offered." 57 Am. Jur., Wills, p. 539, sec. 794.

It does not appear that Miss Barant's assertion under the will of October 30th caused injury to anyone. The rule of estoppel is not to be applied against Miss Barant.

At the oral argument it was suggested that to permit Miss Barant to proceed upon her petition for probate of the will of October 8th might result in protracted litigation; that if in that proceeding the will of October 8th were also found to have resulted from the exercise of undue influence the last one preceding might be offered, and so on through to the first. That does not necessarily follow. To eliminate such possibility the procedure followed in the *Kalskop Case, supra,* or that in the case of *Will of Burns,* 210 Wis. 499, 246 N. W. 704, whichever may be applicable or necessary, should be adopted in these proceedings.

*By the Court.*—Order affirmed and cause remanded for further proceedings in accordance with this opinion.