56 Wn.2d 139 (1960)
351 P.2d 531
In the Matter of the Estate of BESSIE BANKS, Deceased.
S.L. BANKS, Appellant,
v.
FLOYD TATE et al., Respondents and Cross-appellants.[1]
No. 35075.
The Supreme Court of Washington, Department Two.
April 28, 1960.
OTT, J.
S.L. Banks and Bessie Banks were married in 1908. During their married life, they engaged in the farming business in Whitman county and accumulated extensive community real and personal property.
October 17, 1949, Bessie Banks executed a will in which she nominated her husband as executor and devised a life estate in all of her property to him, with the remainder to a nephew, Floyd Tate, and two nieces, Grace Tate and Pearl Tate Lane. The Banks had no children.
Bessie Banks died October 18, 1955. About a month after her death, S.L. Banks delivered her will to an attorney for his advice as to its validity. The document had been altered, in the handwriting of Mrs. Banks, in the following respects: The name "Floyd Tate" had been partially erased, and above it was written the name "Warren Tate," the name "Grace Tate" was partially erased, and above it was written, "Grace Owen," and the name "Pearl Tate Lane" was partially erased. The changes were made sometime after the will had been executed, and were not signed or witnessed.
The attorney advised Mr. Banks that the alterations had resulted in a revocation of the will and that Mrs. Banks had died intestate. He advised that the will nevertheless should be presented for probate. Thereafter S.L. Banks destroyed the will by burning it.
May 10, 1956, S.L. Banks was appointed administrator upon his petition alleging that his wife had died intestate.
June 15, 1956, Floyd Tate, Grace Tate Owen, Pearl Tate Lane, and Warren J. Tate (who subsequently withdrew) commenced proceedings for the probate of the destroyed will of Bessie Banks. The cause was heard July 10, 1957, at which time the court decided that a copy of the destroyed *141 will should be admitted to probate, and that S.L. Banks should be appointed executor. Thereafter, before an order admitting the will to probate was signed, Floyd Tate, Grace Tate Owen, and Pearl Tate Lane filed objections to the appointment of S.L. Banks as executor, and petitioned for the appointment of an administrator de bonis non with the will annexed.
November 5, 1958, an order and judgment was entered which admitted the will to probate, appointed the First National Bank of Pullman, Washington, administrator de bonis non with the will annexed, and revoked the letters of administration formerly granted to S.L. Banks.
S.L. Banks has appealed. Floyd Tate, Grace Tate Owen, and Pearl Tate Lane have cross-appealed.
We shall first consider the appeal of S.L. Banks.
Appellant's first assignments of error are directed to the court's conclusion that the will had not been revoked, and that the doctrine of dependent relative revocation was applicable.
It is obvious that Mrs. Banks intended to change her will, and was motivated by a mental misconception that she could effect a legal change in the manner she employed.
[1] The rationale of the doctrine of dependent relative revocation is that
"... To effect the revocation of a will, two elements are essential, an overt act and animus revocandi; and there can be no real intention to revoke when the act of destruction or cancellation is induced and motivated by a mental misconception of the effect of the act on account of ignorance, or mistake, or some other error." In re Kerckhof's Estate, 13 Wn. (2d) 469, 473, 125 P. (2d) 284 (1942).
[2] Appellant contends that the doctrine is not here applicable because the evidence established Mrs. Banks' intention to revoke the will absolutely. Appellant contends that the intention to revoke was established by evidence of statements made by Bessie Banks during her lifetime, which tended to show a general intention to disinherit the respondents and leave her entire estate to the appellant.
The evidence relied upon tended to establish only an intention *142 on the part of the decedent to leave all of her property to her husband by will. If such was her intention, it was never performed. There was no evidence that she intended to die intestate. Appellant's evidence was insufficient to take the case out of the operation of the doctrine of dependent relative revocation. In re Appleton's Estate, 163 Wash. 632, 2 P. (2d) 71 (1931). The trial court did not, therefore, err in applying the doctrine to the facts of the instant case.
Appellant Banks' remaining assignments of error are directed to the court's refusal to appoint him executor.
[3] In this regard, the trial court found, upon conflicting evidence, that appellant "willfully and intentionally destroyed the foregoing will of Bessie Banks by burning it for the purpose of claiming the entire estate of his deceased spouse." On the basis of this factual determination, the trial court did not err in refusing to appoint the appellant as executor. In re Robinson's Estate, 149 Wash. 307, 270 Pac. 1020 (1928). See In re Bredl's Estate, 117 Wash. 372, 201 Pac. 296 (1921).
We find no merit in the assignments of error urged by S.L. Banks.
[4] We turn now to the cross-appeal. The cross-appellants assign error to the trial court's failure to hold that S.L. Banks had forfeited his life estate under the will by destroying it. The trial court held that the question was "not before the court at this time."
The sole issues involved in this proceeding are whether the will of Bessie Banks should be admitted to probate, and who should administer upon the estate. A determination of the rights and benefits of the legatees under the will is not within the pleadings. The court did not err in ruling that this issue was not before it.
The judgment is, in all respects, affirmed.
WEAVER, C.J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.
NOTES
[1] Reported in 351 P. (2d) 531.