[No. 502-3.    Division Three.    July 18, 1972.]

*In the Matter of the Estate of* JESSE LEE HALL, *Deceased.*

*Lowell D. Sperline* (of *Sperline & Ellis*), for appellant.

*Kelly Hancock,* for respondent.

EVANS, J.—Petitioner Elee Hall presented for probate a document alleged to be the last will and testament of Jesse Lee Hall, deceased. Elee Hall was the named executor and principal beneficiary under that document. Carl E. Johnson, deceased's half-brother and only living relative for the purpose of intestacy, contested the will.

Following a hearing the trial court found that on May 21, 1969 deceased executed his last will and testament, that a carbon copy was retained by the attorney drafting the will, and that the document presented for probate was in fact this carbon copy. The court also found that the original will was not in existence at the time Jesse Hall died, and that he had destroyed the original will. The trial court denied the petition of Elee Hall for the probate of the copy of the

will of Jesse Lee Hall, and granted the petition of Carl E. Johnson for the appointment of Vera M. Sorenson, former wife of deceased, as personal representative of the estate of Jesse Lee Hall. Petitioner Elee Hall appeals.

Petitioner first assigns error to the trial court's finding of fact No. 8, which reads as follows:

That under the laws of the State of Washington, before a copy of a Will can be proved as a lost or destroyed Will, it must be proven that the said original instrument was in existence at the time of the death of the testator. That such has not been proven in this case.

While we agree with petitioner that the above is more properly a conclusion of law than a finding of fact, it is a correct statement of the law as applied to the facts of the present case. RCW 11.20.070, in pertinent part provides as follows:

Whenever any will is lost or destroyed, the court may take proof of the execution and validity of such will and establish it, notice to all persons interested having been first given. Such proof shall be reduced to writing and signed by the witnesses and filed with the clerk of the court.

No will shall be allowed to be proved as a lost or destroyed will unless it is proved to have been in existence at the time of the death of the testator, or is shown to have been destroyed, canceled or mutilated in whole or in part . . . in the course of an attempt to change the will in whole or in part, which attempt has failed, or as the result of a mistake of fact, . . .

Under the above statute proof of the execution and validity of a lost or destroyed will can be established if it is shown that the will was destroyed in the course of an attempt to change it and that the attempt was unsuccessful. This theory of dependent relative revocation has been applied in this state. *In re Estate of DeLion*, 28 Wn.2d 649, 183 P.2d 995 (1947).

There is evidence that Jesse Lee Hall attempted to execute another will subsequent to May 21, 1969, which was not presented for probate because it was not properly

witnessed. However, there is no evidence to support a finding that the destruction of the will of May 21 was conditional or dependent upon the validity of the second will, or that the second will was an attempt to modify the first. Such a showing of immediate intent to make a new testamentary disposition and of conditional destruction of the original will are required to reestablish a destroyed will under the theory of dependent revocation. *In re Estate of DeLion, supra; In re Estate of Banks,* 56 Wn.2d 139, 351 P.2d 531 (1960); 95 C.J.S. *Wills* § 267 (1957); Annot., 24 A.L.R.2d 554. Statements by testator to the effect that he had destroyed his will indicate, on their face, that such destruction was unconditional and absolute.

There was no direct or circumstantial evidence introduced sufficient to show the necessary element of conditional will destruction. By showing that testator's second will was executed concurrently with or shortly after the destruction of the May 21 will, petitioner Hall might have shown such conditional destruction. Likewise, by a showing that the second will was similar to the May 21 will in content, Hall could have provided some circumstantial evidence of a conditional will destruction. No evidence was introduced to establish the element of conditionality and dependency. The testator's statements to the effect that he had destroyed the May 21 will and the fact that, on testator's death on November 24, 1971 he still had not properly executed his second will, indicate that revocation of the first will was not meant to be conditioned upon the validity of the second will. Consequently, we must conclude that there was strong evidence to support the conclusion that the destruction of the May 21 will was absolute, and insufficient evidence to support application of the theory of dependent relative revocation. In will contests intent of the testator is the controlling factor. 95 C.J.S. *Wills* § 267 (1957). In this case there has been no showing that Jesse Hall's intent was other than to absolutely and unconditionally revoke his May 21 will.

■ Petitioner also contends the trial court erred in disallowing attorney fees incurred by him as executor in submitting the May 21, 1969 will for probate. We disagree. An executor may recover attorney fees from the estate for an unsuccessful will contest if' he is found to have acted in good faith and with reasonable prudence. *In re Estate of Klein,* 28 Wn.2d 456, 183 P.2d 518 (1947). Petitioner Hall filed a yellow carbon copy of testator's May 21 will for probate. He claimed this was the original of testator's will and claimed he had taken it from his own safe deposit box upon the death of testator. Testimony by other witnesses, however, presented strong evidence that the will Hall retrieved from his safe deposit box was a white photocopy, not the yellow copy presented for probate. In light of this evidence and the fact that Hall was the prime beneficiary' under the May 21 will,[1] we cannot say that the trial court abused its discretion in finding that Hall had not acted in good faith and with reasonable prudence in presenting the yellow carbon copy as the will of deceased. *In re Estate of Klein, supra.* Consequently, we affirm the denial of attorney fees to petitioner Hall.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.

---

[1] It is proper for the court to consider the fact that the executor is also the sole beneficiary when deciding the issue of attorney fees to executors. 33 C.J.S. *Executors and Administrators* § 225, at 1219 (1942). *See also, In re Estate of Riemcke,* 80 Wn.2d 722, 497 P.2d 1319 (1972).