In the Matter of the **ESTATE** of John L. **KLAGES**, Deceased.

Karl H. **KLAGES** and Ralph J. **Klages**, Appellants,

v.

Dorothy **WEAVER** et al., Appellees.

No. 55333.

Supreme Court of Iowa.

July 3, 1973.

William Pappas, Mason City, for appellants.

Alfred A. Beardmore and T. A. Beardmore, Charles City, for appellees.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the effect of a prior adjudication that certain provisions of a will are void because of undue influence.

Testator John L. Klages had three children, Karl, Ralph, and Dorothy. He owned considerable real and personal property. On October 1, 1965, he sold and conveyed his farm of 153.25 acres to Karl and Ralph for $49,500. On December 19, 1967, he made a will, the main provisions of which were these. First, he revoked prior wills. Second, he ordered payment of his debts. Third, he directed that any beneficiary who contested the will should receive only $100. Fourth, he established a trust of $8,000 for Dorothy and her children—Dorothy to receive the income and also such amounts of the corpus as needed in case of misfortune or ill health, and her

children to receive $1,000 of the corpus at age 25 or marriage and the balance of the corpus at Dorothy's death. Fifth, testator gave the rest of his property to Karl and Ralph. And sixth, he appointed Karl and Ralph as executors.

On March 13, 1968, testator made a second will, the main provisions of which were these. First, he again revoked prior wills, second, he again ordered payment of his debts, and third, he again directed that any beneficiary contesting the will should receive only $100. Fourth, he stated that he had previously advanced to Dorothy 210 shares of Iowa Public Service Company stock and some insurance, government bonds, and cash, that he therefore bequeathed her $1,800, but that $800 should be deducted from the bequest as "the approximate expense of the last Guardianship she promoted me into." (In a pleading in later litigation Dorothy stated she received only 123 shares of the stock and no insurance, and she denied she promoted him "into the last guardianship.") Fifth, testator bequeathed Dorothy's children $2,000. Sixth, he again gave the rest of his property to Karl and Ralph, and he confirmed his conveyance of his farm to them. And seventh, he again appointed Karl and Ralph as executors.

On December 15, 1968, testator died. On January 10, 1969, the later will of March 13, 1968, was admitted to probate.

On January 27, 1969, Dorothy brought suit in equity against Karl and Ralph to set aside the sale and conveyance of the farm to them. On the same day, she also commenced an action in the probate proceeding to have the probated will adjudged void on two grounds: unsoundness of testator's mind and undue influence by Karl and Ralph.

After pretrial discovery, the will contest came on for trial on November 23, 1970. That day Dorothy filed an amendment to her petition contesting the will by withdrawing her claim that testator was of unsound mind and by limiting her contest

based on undue influence to the parts of the probated will which we have called third (only $100 to a will contestant), fourth ($1,800 less $800 to Dorothy), sixth (residue to Karl and Ralph and confirmation of the conveyance), and seventh (appointment of Karl and Ralph as executors). Thus she left unchallenged the parts of the probated will we have called first (revocation of prior wills), second (payment of debts), and fifth (bequest of $2,000 to her children). Neither did she challenge testator's earlier will of December 19, 1967.

The issue of the alleged invalidity of the challenged third, fourth, sixth, and seventh parts of the later will was submitted to the jury, which found those parts invalid because of undue influence. The court entered judgment that those parts are void.

On May 4, 1971, Karl and Ralph filed a petition for declaratory judgment in the probate proceeding, dealing in essence with the effect of the judgment in the will contest, reciting the facts as to the earlier will, the probated will, and the contest of the probated will, and asking the court to adjudge the earlier will to be testator's last will. Dorothy moved to dismiss the petition, and the trial court sustained the motion. Karl and Ralph appealed.

After Karl and Ralph perfected their appeal, Dorothy's equity suit to set aside the sale and conveyance of the farm came on for trial in district court. During trial the parties settled the suit. They agreed to have the farm and its interim rental value appraised, and Karl and Ralph promised to pay Dorothy one-third of the appraised amount and secured their promise by an assignment of their interest in testator's estate.

In this appeal in the declaratory judgment case, Karl and Ralph make two basic claims: the doctrine of partial invalidity is inapplicable under the facts, and the doctrine of dependant relative revocation is applicable. On the other hand, Dorothy contends the doctrine of partial invalidity

is applicable, the doctrine of dependent relative revocation is inapplicable, this declaratory judgment proceeding is barred because it is an untimely will contest, and Karl and Ralph waived the present appeal by settling the equity suit involving the sale and conveyance of the farm.

We find consideration of three of these issues to be necessary. Is the doctrine of partial invalidity applicable under the facts? Is the present declaratory judgment proceeding barred by the statute of limitations? Did Karl and Ralph waive this appeal by settling the equity suit?

■ Under a motion to dismiss, the question is whether "it appears to a certainty a plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claims asserted by him." Bindel v. Iowa Mfg. Co., 197 N.W.2d 552, 555 (Iowa).

■ I. *Partial Invalidity.* When two wills exist and a contestant challenges only the later one and does so successfully, the earlier will stands as the testator's will. White v. Flood, 258 Iowa 402, 138 N.W.2d 863 (later will purportedly expressly revoked earlier will); Kostelecky v. Scherhart, 99 Iowa 120, 68 N.W. 591; In re Yahn's Estate, 258 Wis. 280, 45 N.W.2d 702; 57 Am.Jur. Wills § 472 at 329; 95 C.J.S. Wills § 274d(1) at 50. Until the earlier will itself is successfully contested, it is presumed to be valid. In re Will of Crissick, 174 Iowa 397, 417, 156 N.W. 415, 422 ("it is presumed to be a lawful will"). Moreover, a successful contest of the later will is not res judicata in a subsequent contest of the earlier will. Annot., 25 A.L.R.2d 657.

Here, however, Dorothy did not attack the whole of the later will. She pinpointed her attack to specific parts. She did not challenge the express revocation clause or the bequest of $2,000 to her children in the later will. She contends those parts remain operative, and that the revocation clause in the later will nullifies the earlier will. To reach that result, she calls upon the doctrine of partial invalidity of wills. 57 Am.Jur. Wills § 38 at 64; 94 C.J.S. Wills § 151 at 937, § 236 at 1084–1085. On the other hand, Karl and Ralph claim that the partial invalidity doctrine is inapplicable here and that Dorothy's successful will contest invalidated the later will in all material respects.

We turn to the two wills. They are alike except in two principal respects—a change in the parts for Dorothy and her children, and, as a result of change in those parts, a change in the residuum for Karl and Ralph. In the earlier will Dorothy and her children were provided for by a trust with a corpus of $8,000. In the later will the trust was eliminated, and Dorothy was given $1,000 and her children were given $2,000. They were thus cut down by $5,000 of principal. This affected the residuum—the residuary clause would carry $5,000 more to Karl and Ralph.

In the later will, the two parts contested by Dorothy which are of materiality to the present problem are the gift of $1,000 to her and the residuary gift to Karl and Ralph. The jury found those parts resulted from undue influence. But the undue influence could not be isolated to those parts. It also necessarily affected the revocation clause in the second will, the very purpose of which was to nullify the clauses for Dorothy and her children and the residuary clause in the earlier will to make way for the substitutionary clauses in the later will. Thus in the later will, the revocation clause, the lesser gifts to Dorothy and her children, and the larger residuary gift to Karl and Ralph are all linked together.

Under these facts and the applicable rules of law, Dorothy cannot successfully invoke the doctrine of partial invalidity to keep alive the revocation clause and the gift to her children in the later will. A successful contest of a will, of course, ordinarily invalidates the will. But a successful contest of particular parts of a will

invalidates only those parts if the four requirements are met which are set forth in In re Ankeny's Estate, 238 Iowa 754, 765, 28 N.W.2d 414, 419–420. The first requirement is that the clauses which a party seeks to keep alive be separate severable items. We will assume arguendo that the revocation clause and the gift to the children meet this requirement. But requirement 2 is not met,

> that the separate severable items of the instrument *by no reasonable construction could be affected by the taint of undue influence.* . . . (Italics added.)

See also 57 Am.Jur. Wills § 366 at 266–267; 94 C.J.S. Wills § 151a at 937.

Thus to apply the partial invalidity doctrine here, we must say that "by no reasonable construction" could the revocation clause and the gift to the children "be affected by the taint of undue influence." We simply cannot say that. The several clauses in question are interrelated. The undue influence which invalidated the lesser gift to Dorothy and the larger gift to Karl and Ralph in the later will also tainted the lesser gift to the children and the revocation clause which made way for those substitutionary gifts.

■ Another reason partial invalidity is inapplicable is that the doctrine will not be applied to a will when "upholding of one part and the rejection of another will defeat the presumed wishes of the testator for the disposal of his property" or will defeat "the general intent of the testator". 94 C.J.S. Wills § 151 at 937. See 57 Am. Jur. Wills § 38 at 65–66; Annot., 69 A.L. R. 1129. The Court set out this limitation also in In re Ankeny's Estate, 238 Iowa 754, 766, 28 N.W.2d 414, 420. See also 1 Page, Wills, § 15.12 at 741 (Bowe-Parker rev. ed.) ("if effect cannot be given to such provisions as are not caused by undue influence, without defeating the intention of the testator, the entire will is invalid"). We do not have a case here of only one will, so that causing a particular gift to fall under the residuary clause or causing the residuum to go by intestate succession is in accordance with the presumed wishes of a testator. We have two wills, and the first one is presumed valid unless and until successfully contested. Invalidating the gift to Dorothy in the later will causes that gift of $1,000 to fall under the residuary clause. Then invalidating also the residuary clause causes the residuum to pass intestate to Dorothy, Karl, and Ralph. But the presumptively valid earlier will discloses that these are not the "wishes of the testator for the disposal of his property." That will shows testator wanted Dorothy and her children to have $8,000 in trust and Karl and Ralph to have the residuum. Application of the doctrine of partial invalidity would frustrate testator's intent disclosed by that will.

■ Under the allegations of the petition before us, the doctrine of partial invalidity is thus inapplicable with respect to the revocation clause and the gift to Dorothy's children in the later will, both because we cannot say those parts by no reasonable construction could be affected by undue influence and because partial invalidity would go against testator's wishes for disposal of his property as shown by his presumptively valid earlier will. If the allegations of the petition are proved on trial, the revocation clause and the gift to Dorothy's children in the later must fall; and if the revocation clause thus falls, the earlier will may be offered for probate.

Dorothy can, of course, contest the earlier will if it is probated. She could have originally contested both wills in one action to avoid multiplicity, as recommended in In re Yahn's Estate, 258 Wis. 280, 45 N.W.2d 702.

II. *Limitations.* Our statute provides that a will contest must be commenced within a year from the date of second publication of notice of admission of the will to probate. Code 1973, § 633.309. The present declaratory judgment action was

not commenced within a year. Dorothy contends it is therefore barred.

■■ In her brief, Dorothy states she has been unable to find any authority in support of her position. The reason, we think, is that this declaratory judgment action is not a contest of the second will but is essentially an action to determine the effect of the judgment in Dorothy's will contest—whether as a result of that judgment the later will is partially invalid or invalid in all material respects. Such a subject is a proper one for declaratory relief. Whitworth v. Heinzle, 246 Iowa 1155, 70 N.W.2d 536 (declaratory judgment proceeding is proper to determine meaning and effect of a decree); Code 1973, § 633.11 (courts may render declaratory judgments in probate proceedings); rules 262, 264, Rules of Civil Procedure (declaratory judgments regarding wills). Various actions have been held not to be will contests although they affected wills. In re Hayward's Estate, 65 Ariz. 228, 178 P.2d 547; Allbert v. Allbert, 148 Kan. 527, 83 P.2d 795; In re Gherra's Estate, 44 Wash.2d 277, 267 P.2d 91; In re Randall's Estate, 8 Wash.2d 622, 113 P.2d 54; In re Robinson's Estate, 149 Wash. 307, 270 P. 1020. The present action is not barred by § 633.309 of the Code.

■ III. *Wavier of Appeal.* In her brief Dorothy also cites the rule that "[a] valid settlement by the parties of all their rights and differences pending the appeal requires dismissal." 5 C.J.S. Appeal & Error § 1354(5) at 422. See Miller v. Miller, 66 N.W.2d 43 (Iowa) (remarriage of parties pending appeal from divorce decree). No such situation exists here.

During the pendency of the present appeal, the parties settled Dorothy's separate equity suit to set aside the inter vivos transfer of the farm by testator to Karl and Ralph. Had that suit gone to judgment and been appealed, and had the parties settled the suit pending such appeal, the authorities Dorothy cites would be apposite. But the settlement of that suit does not affect this case involving a will and other property. See 5 C.J.S. Appeal & Error § 1354(5) at 424 (no waiver of appeal when matters involved in appeal not settled). See also 5 Am.Jur.2d Appeal & Error § 913 at 345. When Dorothy tried the equity suit in district court after this appeal was taken, she must have thought that suit was separate from this proceeding; otherwise the district court would not have had jurisdiction to try the suit. Jones v. Jones, 255 Iowa 103, 121 N.W.2d 668. Karl and Ralph did not waive this appeal by settling the suit regarding the transfer of the farm.

The trial court should have overruled Dorothy's motion to dismiss the petition for declaratory judgment. We return the case to district court for further proceedings.

Reversed.